Dear Mayor Wycoff:
This office is in receipt of your request for an opinion of the Attorney General in regard to the actions of an alderman in his capacity as a commissioned deputy with the Catahoula Parish Sheriff's Office. You indicate the Alderman, as a commissioned deputy, does not receive any compensation from the Sheriff's Office and to your knowledge has no training in police work, but he uses his badge to stop people as he goes out on calls in the Village. As a result of several complaints from residents, you ask the following questions:
 1. Is the Village of Sicily Island in any way liable for the actions of this Alderman; and
 2. Can someone who makes the laws also enforce them?
We have been informed that rather than simply holding an honorary commission without any police power, the Alderman in question was commissioned as a reserve deputy sheriff prior to his election as alderman. This office has recognized these special deputies have the same authority as a regularly paid deputy by taking and recording of the oath, and has concluded that the sheriff is responsible for their official acts to the same extent as any other deputy. In Atty. Gen. Op. No. 90-521 this office observed as follows:
 As noted by this office in another earlier opinion the designation as "auxiliary" deputy is simply a classification used by the sheriff indicating that such deputy serves without pay, but it was concluded, "This does not change the nature of a validly appointed deputy sheriff." Atty. Gen. Op., Oct 19, 1973. These special deputies undergo training, are insured and bonded as the paid deputies, and have the same powers.
Therefore, we find the Sheriff would be liable for any actions taken by this Alderman under the authority of his commission, and not the Village of Sicily Island.
Moreover, it should be further noted under R.S.40:2405(A)(2) that "any person employed or commissioned as a peace officer, reserve peace officer, or part-time peace officer prior to July 1, 1998, * * * who has not satisfactorily completed a basic firearms training program, shall do so no later than Aug. 1, 1999." Additionally, any person who does not comply with this requirement will be prohibited from exercising authority of a peace officer, reserve peace officer, or part-time peace officer, except for performing administrative duties.
In response to your question "can someone who makes the laws also enforce them", we find nothing under the circumstances in question that would prevent an alderman from enforcement of laws while in his capacity as a special deputy sheriff, and nothing that would prohibit an alderman from also serving as a special deputy sheriff.
Pursuant to R.S. 42:63(D), the dual officeholding statute, "no person holding an elective office in a politicalsubdivision of this state shall at the same time hold another elective office or full-time appointive office in the government of this state or in the government of a political subdivision thereof." It is further prohibited that a sheriff shall not hold any office or employment under a parish governing authority or "any member of a parish governing authority or school board hold any office or employment with any sheriff, assessor, or clerk of court." The dual office-holding statute does not prohibit a member of the Village governing authority from the part-time appointive office as a special deputy sheriff and the performance of the duties of such office.
Moreover, while the Chief of Police has primary responsibility for law enforcement of his municipality, the Sheriff is the chief law enforcement authority in the parish and he has general responsibility for law enforcement of all ordinances and applicable state laws, and since his territorial jurisdiction includes towns within his parish, he has concurrent jurisdictional authority with the chief of police. Therefore, a special deputy sheriff of a parish has authority for enforcement of ordinances within the parish which would include those in which he was a participant in the enactment of the ordinance in his capacity as an alderman.
We hope this sufficiently answers your inquiry, but if we can be of further assistance, do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 By: BARBARA B. RUTLEDGE
Assistant Attorney General
BBR